**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **BRANDON GROSSINGER,** | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **CIVIL ACTION NO. 26-CV-4705** |
| | : | |
| **ANTHROPIC, PBC,** | : | |
| **Defendant.** | : | |

**MEMORANDUM**

**BEETLESTONE, C. J.** **AUGUST 7, 2026**

Brandon Grossinger, a repeat *pro se* litigant in this Court, filed this case asserting a claim under the Americans with Disabilities Act ("ADA") against Anthropic, PBC, seeking declarative and injunctive relief. Grossinger also seeks leave to proceed *in forma pauperis*. The Court will grant Grossinger leave to proceed without paying the filing fee and dismiss the case.

## I. FACTUAL ALLEGATIONS[1]

Grossinger asserts that he lives with documented neurological disabilities that affect cognitive processing, executive functioning, and fine motor control. (Compl. ¶ 1.) He alleges that during state court proceedings on July 9, 2026, and in related litigation, he used Anthropic's artificial intelligence product Claude as "assistive technology to organize evidence, draft filings, and reduce disability-related cognitive burden." (*Id.* ¶ 7.) He later observed that portions of prior Claude interactions, including disability-related and litigation-related material that he expected to access were no longer available through his account. (*Id.* ¶ 8.) In March 2026, he

[1] The factual allegations set forth in this Memorandum are taken from the Complaint. (ECF No. 1.) The Court adopts the sequential pagination assigned to all pleadings by the CM/ECF docketing system.

upgraded and funded a Claude Team account for a nonprofit organization he controls, Bunny's Flowers. (*Id*. ¶ 9.) The payment was processed, but the account was "later identified as cancelled for non-payment." (*Id*.) He was billed "for a fifth Team account seat that [he] contends was never provisioned or used." (*Id*. ¶ 10.) He submitted "disability-related support requests, including requests concerning accessibility, data access, account restoration, preservation of information, and billing clarification," but these issues remain unresolved. (*Id*. ¶ 11.) Account instability, loss of access to information, and billing issues have "materially impaired his ability to prepare legal filings, preserve evidence, and maintain continuity of nonprofit operations" because he uses Claude as an assistive technology. (*Id*. ¶¶ 12-13, 16.) He alleges that Anthropic failed to provide effective disability-related accommodations and certain of his prior interactions with Claude were unavailable when needed. (*Id*. ¶¶ 14, 15.) As relief, he seeks an injunction, ordering Defendant to preserve logs, metadata, account records, support communications, and records sufficient to identify the status and history of his prior interactions. (*Id*. at page 3.) He also seeks relief concerning disputed billing and unspecified declaratory relief. (*Id*.)

## II. STANDARD OF REVIEW

The Court grants Grossinger leave to proceed *in forma pauperis*. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)

(quotations omitted); *Talley v. Wetzel*, 15 F.4th 275, 286 n.7 (3d Cir. 2021). Although this "plausibility standard is not akin to a 'probability requirement,'" it demands "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal* at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 566 (2007)). At this early stage of the litigation, the Court will accept the facts alleged in the Complaint as true, draw all reasonable inferences in Grossinger's favor, and ask only whether the Complaint contains facts sufficient to state a plausible claim. *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021), *abrogation on other grounds recognized by Fisher v. Hollingsworth*, 115 F.4th 197 (3d Cir. 2024). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678.

The Court construes *pro se* allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021). However, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Id.* (quoting *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013)). ). An unrepresented litigant "cannot flout procedural rules — they must abide by the same rules that apply to all other litigants." *Id.* (quoting *Mala*, 704 F.3d at 245); *see also Doe v. Allegheny Cnty. Hous. Auth.*, No. 23-1105, 2024 WL 379959, at *3 (3d Cir. Feb. 1, 2024) (*per curiam*) ("While a court must liberally construe the allegations and 'apply the applicable law, irrespective of whether the pro se litigant mentioned it b[y] name,' *Higgins v. Beyer*, 293 F.3d 683, 688 (3d Cir. 2002), this does not require the court to act as an advocate to identify any possible claim that the facts alleged could potentially support.").

## III. DISCUSSION

Grossinger asserts an ADA claim against Anthropic. The ADA has four subchapters, covering employment, public services, public accommodations and services operated by private entities, and "miscellaneous." *See generally* 42 U.S.C. §§ 12101-12203. Since Anthropic is a

private entity, any claim under the statute would fall under Title III.[2] *See id*. § 12181(6) (defining the term "private entity" to mean "any entity other than a public entity (as defined in section 12131(1) of this title)" (*i.e.*, a state or local government or Amtrak)).

Private entities are barred from discriminating in Title III on the basis of disability in the full and equal enjoyment of goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation. *Id*. § 12182(a). A "public accommodation" includes establishments such as hotels, restaurants, theaters, retail stores, service provider locations such as laundromats and pharmacies, museums, schools, day care or senior centers, and places of exercise or recreation. *Id*. § 12181(7). Acts of discrimination include, for example, imposing eligibility criteria that tend to screen out an individual with a disability, failing to make reasonable accommodations, failing to take steps to ensure that no disabled person is excluded, denied services, segregated or otherwise treated differently, and failing to remove barriers. *Id*. § 12182(b)(2). To state a claim under Title III of the ADA, a plaintiff must plausibly allege that: (1) he has a disability; (2) the defendant is a public

---

[2] The analysis of Grossinger's ADA Title III claim against Anthropic incorporates the Court's prior decision dismissing Grossinger's ADA Title III claim against Google LLC. *See Grossinger v. Google LLC*, No. 26-2039, 2026 WL 1662759 (E.D. Pa. June 9, 2026). In that decision, the Court dismissed ADA Title III claims brought against a defendant that, like Anthropic, allegedly provided services exclusively through non-physical locations such as websites. *Id*. This case was filed on July 3, 2026, after the Court had ruled in *Google* that providers of web services with no physical locations are not subject to ADA Title III. Nonetheless, Grossinger has now filed the same implausible claim against Anthropic.

Federal Rule of Civil Procedure 11 imposes obligations upon all litigants. By submitting a claim, an attorney or an "unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances [that the litigant's] claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law." Grossinger's bringing new claims based on a legal theory that has been rejected as implausible under the existing law of the Third Circuit does not comport with Rule 11's obligation.

accommodation within the meaning of the statute; and (3) he was denied goods, services, facilities, privileges, advantages or accommodations due to discrimination based on his disability, which can include failure to reasonably accommodate his disability. *See Matheis v. CSL Plasma, Inc.*, 936 F.3d 171, 175 (3d Cir. 2019); *Douris v. Dougherty*, 192 F. Supp. 2d 358, 368 (E.D. Pa. 2002). A plaintiff is disabled for purposes of the ADA if he (1) has a "physical or mental impairment that substantially limits one or more" of his "major life activities"; (2) has "a record of such an impairment"; or (3) is "regarded as having such an impairment." *Eshleman v. Patrick Indus., Inc.*, 961 F.3d 242, 245 (3d Cir. 2020) (citing 42 U.S.C. § 12102(1)).

The Title III claim against Anthropic is implausible because Grossinger has not alleged that Anthropic provides a place of public accommodation. He alleges only that the disability discrimination, if any, involves his use of the web-based Claude product. Nowhere does Grossinger allege that an event occurred at a *physical* place of public accommodation where he suffered disability discrimination. Courts are split on the question of whether the term "public accommodation" requires a physical place or location. *See Peoples v. Discover Fin. Servs., Inc.*, 387 F. App'x 179, 183 (3d Cir. 2010) (describing split amongst the courts of appeals). Some courts apply the ADA to a good or service regardless of whether the service or privilege is connected to a physical location. *See*, *e.g.*, *Carparts Distrib. Ctr., Inc. v. Auto. Wholesaler's Ass'n of New England*, 37 F.3d 12, 19 (1st Cir. 1994) (finding that establishments of "public accommodation" are not "limited to actual physical structures"). These courts generally invoke Congress's intent to ensure that people with disabilities have access to the same services enjoyed by people who are not disabled. *See Morgan v. Joint Admin. Bd., Ret. Plan of the Pillsbury Co. & Am. Fed'n of Grain Millers, AFL-CIO-CLC*, 268 F.3d 456, 459 (7th Cir. 2001) ("The site of

the sale is irrelevant to Congress's goal of granting the disabled equal access to sellers of goods and services.").

But the United States Court of Appeals for the Third Circuit, among other courts, has concluded that an actual, physical location is necessary. *Ford v. Schering-Plough Corp.*, 145 F.3d 601, 612 (3d Cir. 1998) ("The plain meaning of Title III is that a public accommodation is a place. . . ."); *see also Peoples*, 387 F. App'x at 183 ("Our court is among those that have taken the position that the term ["public accommodation"] is limited to physical accommodations."); *see also Parker v. Metro. Life Ins. Co.*, 121 F.3d 1006 (6th Cir. 1997) (*en banc*) and *Weyer v. Twentieth Century Fox Film Corp.*, 198 F.3d 1104 (9th Cir. 2000). These courts reason that all of the entities enumerated as examples of public accommodations in 42 U.S.C. § 12181(7), hotels, restaurants, theaters, laundromats, and the like, refer to physical places. *See Ford*, 145 F.3d at 612 (noting that requiring a physical location "is in keeping with the host of examples of public accommodations provided by the ADA, all of which refer to places"). Even though a physical place or location is required, the Third Circuit has held that a good or service provided by a public accommodation can be covered by the ADA as long as there is "some nexus between the services or privileges denied and the physical place. . . ." *Menkowitz v. Pottstown Mem'l Med. Ctr.*, 154 F.3d 113, 122 (3d Cir. 1998).

Thus, for example, this Court has interpreted the Third Circuit's instruction that public accommodations are limited to physical places (or services with a nexus to a physical location) to mean that a website, on its own, is *not* a public accommodation within the meaning of the ADA. *See Mahoney v. Bittrex, Inc.*, No. 19-3836, 2020 WL 212010, at *2 (E.D. Pa. Jan. 14, 2020) ("A website, by itself, is not a physical location and therefore does not constitute a place of public accommodation under Section 12182(a) of the ADA."); *Walker v. Sam's Oyster House,*

*LLC*, No. 18-193, 2018 WL 4466076, at *2 (E.D. Pa. Sept. 18, 2018) ("A website is not a physical location and therefore does not constitute a place of public accommodation under Section 12182(a) of the ADA."); *Tawam v. APCI Fed. Credit Union*, No. 18-122, 2018 WL 3723367, at *6 (E.D. Pa. Aug. 6, 2018) (citing statutory definition of "public accommodation" in support of conclusion that the defendant's physical location, rather than its website, was the place of public accommodation). Since Grossinger interacted with Anthropic's Claude product exclusively through its web portal or other electronic means and fails to allege any nexus between the services or privileges denied and a physical place, the public accommodation element has not been alleged plausibly under the law applicable in this Circuit.

Grossinger has also failed to allege that Anthropic discriminated against him in its provision of the Clause service *based on his disability*.[3] Even if a person is disabled, that does not mean that any action with negative impact on their lives happened *because* they are disabled. *See Riboldi v. Warren Cnty. Dep't of Hum. Servs. Div. of Temp. Assistance & Soc. Servs*., 781 F. App'x 44, 46 (3d Cir. 2019) (*per curiam*) (affirming district court dismissal of ADA claim where plaintiff "failed to allege facts plausibly indicating that he was denied benefits or services *on account of* his disability"); *Thomas v. Murphy Oil Corp*., 777 F. App'x 377, 380 (11th Cir. 2019) (*per curiam*) ("Plaintiff's bare conclusory allegations that Defendants discriminated against him based on his race or disability is not enough to avoid dismissal."); *J.A.M. v. Nova Se. Univ., Inc*., 646 F. App'x 921, 926 (11th Cir. 2016) (*per curiam*) ("J.A.M. did not allege that he was dismissed because of his mental disability."); *Lewis v. Adirondack Med. Ctr*., No. 24-376, 2024 WL 4448870, at *3 (N.D.N.Y. Oct. 9, 2024) ("[N]owhere in the complaint does Plaintiff suggest

[3] This pleading defect was also cited as a reason for dismissing Grossinger's claim against Google, *see Google LLC*, 2026 WL 1662759 at *8, but he failed to allege facts on this issue as well in the instant Complaint.

he did not receive Lake Placid Sports Medicine, PLLC's services *because of a disability* or that he was otherwise discriminated against on this basis"); *Chavous v. Hous. Visions Unlimited, Inc.*, No. 22-811, 2022 WL 9967833, at *4 (N.D.N.Y. Oct. 17, 2022) ("Here, the complaint does not allege facts plausibly suggesting that Defendants' actions constituted discrimination under Title III of the ADA or resulted in the discriminatory provision of services to Plaintiff. Thus, Plaintiff has failed to state a claim upon which relief may be granted pursuant to Title III of the ADA."), *report and recommendation adopted*, 2023 WL 1775699 (N.D.N.Y. Feb. 6, 2023); *Brennan v. NCAComp Inc.*, No. 22-127, 2022 WL 4290660, at *8 (N.D.N.Y. Apr. 25, 2022) ("The Amended Complaint does not allege facts plausibly suggesting that Defendants' actions constituted discrimination under Title III of the ADA or resulted in the discriminatory provision of services to Plaintiff. Although the Amended Complaint appears to allege that: (1) Defendant NCAComp denied Plaintiff's claims in an effort to save money," it does not "allege that Defendants took these actions for the purpose of discriminating against Plaintiff because of an alleged disability."), *report and recommendation adopted*, 2022 WL 3097843 (N.D.N.Y. Aug. 4, 2022); *Tasambasis v. Pac. Aerospace Mach., Inc.*, No. 14-457, 2014 WL 12603098, at *1 (C.D. Cal. Apr. 4, 2014) (plaintiff's failure to allege he was denied access to any place of public accommodation on account of a disability rendered Title III claim implausible).

Because Grossinger fails to allege plausibly that Anthropic acted or refused to act because he is disabled, whether his claim is based on the provision of a public accommodation, the provision of a service, or otherwise, the claim is not plausible. Stated simply, Grossinger's core dispute with Anthropic over the billing for and cancellation of his Claude account is a dispute that any person might have with a provider of data services regardless of a disability, and Grossinger does not plausibly allege that he has been subject to discrimination *because of* his

disability. Accordingly, the Title III claim is dismissed. Since Grossinger has not alleged that services were provided at a physical location, the dismissal of the ADA Title III claim will be with prejudice.

## IV. CONCLUSION

For these reasons, the Amended Complaint will be dismissed on statutory screening because Grossinger's claim under the ADA is not plausible. The Court concludes that any attempt to amend the ADA Title III claim would be futile. Accordingly, that claim will be dismissed with prejudice. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108, 110 (3d Cir. 2002) (stating that district courts should dismiss complaints on statutory screening with leave to amend "unless amendment would be inequitable or futile."). A final order of dismissal will be entered separately. Fed. R. Civ. P. 58(a).

**BY THE COURT:**

**S/ Wendy Beetlestone**

**WENDY BEETLESTONE, C.J.**